UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MANUEL GARCIA, | : | |
| Petitioner, | : | Civ. No. 19-18585 (RBK) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

**I.      INTRODUCTION**

Petitioner is a federal prisoner proceeding *pro se* with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's motion is summarily dismissed as a second or successive § 2255 motion that lacks the required authorization from the United States Court of Appeals for the Third Circuit and a certificate of appealability shall not issue.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner challenges his 1994 judgment of conviction. This Court previously laid out the lengthy factual and procedural history of Petitioner's underlying criminal case and post-conviction collateral attacks on his federal criminal conviction as follows:

> 1. Following a jury trial before this Court on September 29, 1994, Petitioner was convicted of using interstate commerce facilities to commit a murder for hire, in violation of 18 U.S.C. § 1958, and was sentenced to life imprisonment on October 4, 1994. *United States v. Garcia*, Crim. No. 93-536-03 (D.N.J.). Petitioner appealed, *see United States v. Garcia*, App. No. 94-5647 (3d Cir.), and the Third Circuit Court of Appeals affirmed his conviction on July 29, 1996. *United States v. Garcia*, 92 F.3d 1173 (3d Cir. 1996).

2. On June 2, 1997, Petitioner filed his initial petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in this Court. [*Garcia v. United States*, Civ. No. 97-2861 (D.N.J.), Docket Item 1.] The Court denied his petition in an Opinion and Order dated July 29, 1998. [*Id.* at Docket Items 8 & 9.] Petitioner sought to appeal that ruling [*id.* at Docket Item 12], but this Court denied his request for a Certificate of Appealability [*id.* at Docket Item 14], and the Third Circuit did the same. [*Id.* at Docket Item 16.]

3. On August 13, 2001, Petitioner filed a motion seeking a reduction of his sentence pursuant to an amendment to United States Sentencing Guidelines § 2E1.4, which the Court construed as a motion arising under 18 U.S.C. § 3582(c) and denied on the merits. *United States v. Garcia*, 204 F. Supp. 2d 790 (D.N.J. 2002).

4. On June 27, 2005, Petitioner filed a second § 2255 petition in this Court, seeking relief under Rules 15 and 60(b), Fed. R. Civ. P., as well as *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). [*Garcia*, Civ. No. 97-2861 (D.N.J.), Docket Item 17.] This Court denied that petition as untimely [*id.* at Docket Item 18], and Petitioner did not seek further review.

5. On April 17, 2007, Petitioner filed a motion to reopen and supplement his originally-filed petition for habeas corpus and to vacate his sentence pursuant to § 2255, Fed. R. Civ. P. 60(b), and "The All Writs Act," 28 U.S.C. § 1651. [*Id.* at Docket Item 23.] For the reasons explained in a Memorandum Opinion dated April 9, 2008, the Court construed this motion as a successive § 2255 petition and dismissed the petition for lack of jurisdiction. *Garcia v. United States*, 2008 WL 1375571 (D.N.J. Apr. 9, 2008). Petitioner requested a Certificate of Appealability under 28 U.S.C. § 2253(c)(1), *see Garcia v. United States*, App. No. 08-2249 (3d Cir.), which the Third Circuit denied. [*Garcia*, Civ. No. 97-2861, Docket Item 31.]

6. On May 11, 2009, Petitioner filed in his criminal case a motion to "set aside judgment and dismiss the indictment for void judgment, and lack of jurisdiction." [*Garcia*, Crim. No. 93-536 (D.N.J.), Docket Item 22.] Although Petitioner styled this motion as a Rule 60(b)(4) attack on a void judgment, the Court found that he was in fact offering new collateral attacks on the underlying conviction, construed this motion as a successive § 2255 petition, and dismissed the petition for lack of jurisdiction. *Garcia v. United States*, 2009 WL 3068390 (D.N.J. Sept. 22, 2009).

> 7. Petitioner subsequently filed two more motions seeking to reopen his § 2255 proceedings pursuant to Rules 60(b)(6) and (d), Fed. R. Civ. P., and *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). [*Garcia*, Civ. No. 97-2861, Docket Item 32; *Garcia*, Crim. No. 93-536, Docket Item 52.] On May 10, 2011, the Court issued a Memorandum Opinion and Order, construing these motions as successive § 2255 petitions and dismissing them for lack of jurisdiction. *Garcia v. United States*, 2011 WL 1792277 (D.N.J. May 10, 2011). Alternatively, the Court held that Petitioner had not met his burden to bring a successful independent action under *Hazel-Atlas. Id.* Petitioner appealed and the Third Circuit Court of Appeals affirmed on August 25, 2011. *See United States v. Garcia*, App. No. 11-2413 (3d Cir.).
>
> 8. On July 17, 2012, Petitioner filed an application with the Third Circuit requesting leave to file a second or successive petition pursuant to 28 U.S.C. §§ 2244(b) and 2255(h). *In re: Manuel Garcia*, App. No. 12-2977 (3d Cir.). The Third Circuit denied this application under § 2255(h) because Petitioner did not claim to rely upon a new rule of constitutional law and because the purported "new evidence" that Petitioner raised in his proposed habeas petition had already been considered and rejected by the Third Circuit in *In re: Manual Garcia*, App. No. 00-5013 (3d Cir.). To the Court's knowledge, Petitioner has not since sought leave from the Third Circuit to file any second or successive petitions pursuant to 28 U.S.C. §§ 2244(b) and 2255(h).
>
> 9. [Thereafter, Petitioner filed] a "motion" purportedly requesting relief from Petitioner's sentence pursuant to Federal Rule of Civil Procedure 60(b)(6) and a § 2255 petition seeking to vacate, set aside, or correct Petitioner's sentence in light of the U.S. Supreme Court cases of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016).

*Garcia v. United States*, No. 19-18537, 2020 WL 3046294, at *1–2 (D.N.J. June 2, 2020).

Subsequently:

> [t]his Court concluded that Petitioner's Rule 60(b) motion was "actually a successive § 2255" motion. *Id.* at 3. The motion was "very clearly attacking the legality of his underlying conviction, which he argued was obtained through a 'defective' indictment." *Id.* Consequently, the Court dismissed that motion for lack of jurisdiction and found that it was not in the interests of justice to transfer it to the Third Circuit. *Id.* at 3–4.

> As to Petitioner's successive § 2255 motion based on *Johnson* and *Welch*, once again, Petitioner did not receive permission from the Third Circuit to file that motion. *Id.* at 4. As a result, this Court did not have jurisdiction. The Court held, however, that it was in the interest of justice to transfer the motion to the Third Circuit, as an application for leave to file a second or successive § 2255 motion. *Id*. In August of 2019, the Third Circuit denied that application. *See In re: Manual Garcia*, App. No. 19-2198 (3d Cir.).

*Garcia*, 2020 WL 3046294, at *2.

One of the claims Petitioner raised in Civ. No. 19-18537 is identical to the one he raises in this action, namely that this Court misapplied the sentencing guidelines in light of *United States v. Boney*, 769 F.3d 153, 158 (3d Cir. 2014) (holding, among other things, that a district court erred by "selecting a guideline that was not referenced in Appendix A for the offense of conviction."). (*Compare* Civ. No. 19-18357 Dkt. No. 5 at 42-45 *with* Civ. No. 19-18585 Dkt. No. 1 at 1-4).

In Civ. No. 19-18537, this Court held that Petitioner could not bring a second or successive motion relying on *Boney* without first getting authorization from the Third Circuit pursuant to 28 U.S.C. § 2255(h), something that Petitioner failed to do. *See Garcia*, 2020 WL 3046294, at *3-4 (concluding Petitioner could not bring a second or successive § 2255 motion pursuant to *Boney* because it did not rely on a new rule of constitutional law made retroactive to cases on collateral review). Accordingly, Petitioner's § 2255 motion in Civ. No. 19-18537 (which included his claim relying on *Boney*) was dismissed. *See Garcia*, 2020 WL 3046294, at *4. Petitioner did not appeal that decision.[1]

---

[1] After this Court decided Civ. No. 19-18537, Petitioner unsuccessfully filed two requests to file a second or successive § 2255 motions with the Third Circuit. *See* C.A. Nos. 20-3195 & 21-1796. Neither of these requests appear to relate to Petitioner's previously rejected arguments in *Boney* denied by this Court in Civ. No. 19-18537.

### III. LEGAL STANDARD FOR FILING A SECOND OR SUCCESSIVE § 2255 MOTION

Under 28 U.S.C. § 2255(h), "a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." In particular, before a district court can entertain such a motion, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). When a petitioner files a second or successive § 2255 motion "without the permission of a court of appeals, the district court's only option is to dismiss the [motion] or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Kunz v. Attorney Gen. of the State of New Jersey,* No. 16-8817, 2017 WL 44946, at *2 (D.N.J. Jan. 4, 2017) (quoting *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)).

### IV. DISCUSSION

Petitioner's instant § 2255 motion is clearly a second or successive § 2255 motion that lacks the required authorization from the Third Circuit. For similar reasons as discussed in this Court's previous dismissal of another second or successive § 2255 motion that raised the identical claim Petitioner raises in this action, this Court lacks jurisdiction to consider this case on the merits.[2] Furthermore, for similar reasons as discussed in this Court's June 2, 2020 opinion in Civ. No. 19-18537, transfer of this case to the Third Circuit for its consideration is not warranted. *See Garcia*, 2020 WL 3046294, at *3-4. Of course, nothing in this opinion prevents Petitioner from seeking authorization from the Third Circuit to file a second or successive § 2255 motion separately on his arguments relying on *Boney*.

---

[2] Petitioner's § 2255 motion in this action is not filed on the appropriate § 2255 form. In a typical case, this Court would require Petitioner to refile his § 2255 motion on the proper form. However, given that his claim (and in fact document raising his claim) is identical to the one previously rejected by this Court, this Court finds this procedural act is unnecessary in this action.

V. **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* This Court finds that a COA is not warranted in this case because Petitioner fails to show this Court's procedural dismissal is debatable by jurists of reason.

VI. **CONCLUSION**

For the foregoing reasons, Petitioner's § 2255 motion is summarily dismissed due to a lack of jurisdiction as a second or successive § 2255 motion that does not have the required authorization from the United States Court of Appeals for the Third Circuit. A certificate of appealability shall not issue. An appropriate order will be entered.

DATED: December 1, 2021            /s Robert B. Kugler
                                   ROBERT B. KUGLER
                                   United States District Judge